Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Cela Youngblood

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Cela Youngblood,<br><br>Plaintiff,<br><br>vs.<br><br>IQ Data International, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Cela Youngblood, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Cela Youngblood (hereafter "Plaintiff"), is an adult individual residing at Sacramento, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, IQ Data International, Inc. (hereafter "Defendant"), is a company with an address of 1000 South East Everett Mall Way, Suite 401, Everett, Washington 98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by IQ Data International, Inc. and whose identities are currently unknown to the Plaintiff.

2

One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  IQ Data International, Inc. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.  The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.  The Debt was purchased, assigned or transferred to IQ Data International, Inc. for collection, or IQ Data International, Inc. was employed by the Creditor to collect the Debt.

11.  The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  IQ Data International, Inc. Engages in Harassment and Abusive Tactics**

12.  Within the last year, the Defendants contacted the Plaintiff at her cellular telephone in an attempt to collect the Debt.

13. During the initial communication and every communication thereafter, Plaintiff informed Defendants that she was unable to pay the Debt and requested that calls to her cease.

14. Despite being informed of Plaintiff's inability to pay, Defendants continued to place calls to Plaintiff in an attempt to collect the Debt. IQ oftentimes spoke to Plaintiff in a demeaning and condescending tone.

15. During the initial communications with Defendants, Plaintiff requested that Defendants send her a letter regarding the Debt. IQ advised Plaintiff that it had sent a letter to an old address; however, Plaintiff explained that she no longer received mail from the address to where IQ stated that the letter had been sent.

16. Plaintiff again requested that IQ send her something in the mail and provided Defendant with her current address; however, IQ refused to comply with Plaintiff's request.

17. During the initial communications, while refusing to provide Plaintiff with a letter regarding the Debt, IQ demanded that Plaintiff pay the Debt within 2 days overshadowing her right to dispute the Debt as provided by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

19. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. The Defendants refused to send and failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

21. While refusing to send Plaintiff a letter and by demanding payment within two days, Defendants overshadowed Plaintiff's rights as provided by law, in violation of 15 U.S.C. § 1692g(b).

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

5

26. IQ Data International, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

28. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

29. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

6

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 12, 2013                                    TAMMY HUSSIN


By: /s/ *Tammy Hussin*
Tammy Hussin *Of Counsel*
Lemberg & Associates
Attorney for Plaintiff, Cela Youngblood

7